IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CANS-TO-GO, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACKPOT, LLC<br><br>　　　　Defendant. | Case No. 2:25-cv-01879<br><br>JURY TRIAL REQUESTED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff for its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for trademark infringement of U.S. Trademark Registration No. 4,287,598 under 15 U.S.C. § 1114; unfair competition and false designation of origin under 15 U.S.C. §1125(a); and unfair competition and false designation of origin under common law.

**THE PARTIES**

2. Plaintiff CANS-TO-GO, LLC ("Plaintiff") is a Wisconsin limited liability company having a principal place of business at 751 W. Oakland Ave., Port Washington, Wisconsin 53074.

3. Plaintiff sells, installs, rents, and services sanitation equipment, including portable toilets, throughout Wisconsin.

4. Plaintiff is the owner of all rights, title, and interest in U.S. Trademark Registration No. 4,287,598 ("the '598 registration") for the mark

1



for "rental of portable toilets." A true and accurate copy of the trademark registration certificate for the '598 registration is provided at Exhibit A.

5. Plaintiff also has significant common law rights in its CANS-TO-GO logo mark of the '598 registration due to Plaintiff's continuous use of the mark with such services since at least 2003. Plaintiff's '598 registration and related common law trademarks are referred to collectively herein as the "CANS-TO-GO logo mark."

6. On information and belief, JACKPOT, LLC ("Defendant") is a Wisconsin limited liability company having a principal place of business at 6621 39th Ave., Kenosha, Wisconsin 53142.

**JURISDICTION AND VENUE**

7. Through the activities detailed herein, Defendant has infringed and continues to infringe Plaintiff's trademark rights in its CANS-TO-GO logo mark in the State of Wisconsin, in this district and elsewhere, creating a likelihood of confusion between Defendant's services and Plaintiff's services.

8. Defendant is using its Jackpot Rentals logo mark in a way that is confusingly similar to and infringes upon Plaintiff's federal trademark rights in its CANS-TO-GO logo mark, in Wisconsin and in this district.

2

9. Defendant is using its Jackpot Rentals logo mark in a way that constitutes unfair competition and is confusingly similar to and infringes upon Plaintiff's trademark rights in its CANS-TO-GO logo mark in Wisconsin and in this district.

10. This court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) because this action arises under the Trademark Laws of the United States, including 15 U.S.C. §§ 1114-1118 and § 1125(a)-(d).

11. As a result of these actions, including actions performed within the jurisdictional bounds of the District Court for the Eastern District of Wisconsin, and because Defendant is a Wisconsin limited liability company operating and having its principal place of business within the jurisdictional bounds of the District Court for the Eastern District of Wisconsin, this court has personal jurisdiction over Defendant under Wis. Stats. § 801.05.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) at least because the Eastern District of Wisconsin is (i) a judicial district in which at least Defendant resides, and (ii) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF FACTS

13. Plaintiff has been operating in Southeastern Wisconsin since 2003.

14. Plaintiff uses its CANS-TO-GO logo mark to identify the source of its sanitation equipment and services.

15. Plaintiff has continuously used the CANS-TO-GO logo mark to identify the source of its sanitation equipment and services since 2003.

16. Through the continuous use of the CANS-TO-GO logo mark to designate the source of its services since at least 2003, Plaintiff has established common law rights in the CANS-TO-GO logo mark in at least the State of Wisconsin.

3

17. Plaintiff's '598 registration for the CANS-TO-GO logo mark has U.S. serial number 85403502, application filing date of August 22, 2011, and registration date of February 12, 2013.

18. Plaintiff's '598 registration confers a nationwide exclusive right in the CANS-TO-GO logo mark for the listed services.

19. Plaintiff developed valuable goodwill in the CANS-TO-GO logo mark through its long, continuous, and extensive use of the mark in Wisconsin and elsewhere, and the CANS-TO-GO logo mark has become well known as identifying Plaintiff's services.

20. Plaintiff operates a website at https://canstogo.com/ that provides information and advertisement under the CANS-TO-GO logo mark about Plaintiff's services offered under the CANS-TO-GO logo mark. Example screenshots from the above-listed web address are provided below.



## Our Sanitation Rentals

At Cans-To-Go, we offer a wide range of porta potty and sanitation solutions designed to meet the unique needs of any project or event. Whether you need standard units for construction sites, high-rise units for elevated work areas, or ADA-compliant handicap units for inclusive accessibility, we have you covered.

Our rentals also include portable sinks, ensuring hand hygiene for your team or guests, and toilet paper. For larger projects, we provide trailer toilets with holding tanks for long-term convenience. Each unit is equipped with special features like in-unit hand sanitizers, fresh fragrance additives, and coat hooks to maximize cleanliness and comfort. All of our poly units are pressure washed and odor-free, with no wood materials to ensure durability.

When you rent from us, you're guaranteed clean, dependable, state-of-the-art equipment.

   



**View Our Rentals →**



WHAT WE DO

### We specialize in premium portable sanitation services.

Cans-To-Go specializes in providing premium portable sanitation services to Southeastern Wisconsin. Our team is committed to ensuring the success of your event, construction project, or government function through exceptional customer care. We pride ourselves on maintaining new, dependable equipment that meets and exceeds industry standards. All our units are licensed by the State of Wisconsin and backed by comprehensive insurance and disposal permits.

We take sanitation seriously, using pressure washing and fresh fragrance additives to keep units spotless and odor-free. Our staff is dedicated to providing unparalleled service for your rental period with professionalism and reliability. Partner with us for a clean and seamless experience.

 

21. Plaintiff has provided information and advertisement on the website https://canstogo.com/ under the CANS-TO-GO logo mark about services offered under the CANS-TO-GO logo mark since the website was registered in June 2004.

22. On information and belief, on March 24, 2004, Defendant's proprietor Joseph Geiger formed Defendant Jackpot, LLC.

23. On information and belief, at least as early as October 2017, Defendant began offering portable restrooms and related services via its website at https://www.jackpot.rentals/ and utilized a Jackpot Rentals legacy logo mark that features the text "JACKPOT RESTROOM & SINK RENTALS" with a graphical image of a toilet. The graphical image of a toilet includes a toilet seat in an up position to underlay the "O" in JACKPOT word. An example image of the Defendant's Jackpot Rentals legacy logo mark is below.



24. On information and belief, on or about April 2024, Defendant changed its Jackpot Rentals legacy logo mark to the Jackpot Rentals logo mark and Defendant began offering portable restrooms and related services via its website at https://www.jackpot.rentals/ with its Jackpot Rentals logo mark. Jackpot Rentals logo mark features the text "JACKP T RESTROOM & SINK RENTALS" with a graphical image of a portable toilet enclosure. The graphical image of a

6

portable toilet enclosure is positioned between the "P" and the "T". An example image of the Defendant's Jackpot Rentals logo mark is below.



25. Plaintiff discovered Defendant's use of the Jackpot Rentals logo mark in offering Defendant's portable restrooms and related services in September 2025.

26. Defendant's website at https://www.jackpot.rentals/ uses the Jackpot Rentals logo mark to advertise its services, as depicted below:



27. The results of a www.google.com web search for "jackpot rentals" returns several images of the Jackpot Rentals logo mark on portable restrooms. Example images are below.






28. Plaintiff has priority with respect to the CANS-TO-GO logo mark because it used the CANS-TO-GO logo mark long before Defendant's first use of the Jackpot Rentals logo mark.

29. Upon information and belief, Defendant knew about Plaintiff's CANS-TO-GO logo mark before Defendant adopted the Jackpot Rentals logo mark and variants for their own use.

30. Defendant's Jackpot Rentals logo mark and variants are substantially identical or confusingly similar to Plaintiff's CANS-TO-GO logo mark in appearance and commercial impression.

31. Defendant's services are either identical or closely related to Plaintiff's services.

32. Defendant's Jackpot Rentals logo mark is used or intended to be used on or in connection with services for which Plaintiff's CANS-TO-GO logo mark is registered and in use.

33. The parties' services are marketed and rendered in the same trade channels to the same consumers or class of consumers.

10

34. Based on the identity and/or similarities in the parties' marks, services, trade channels, and consumers, consumers are likely to believe that Defendant's services originate from Plaintiff or are otherwise endorsed, sponsored, or approved by Plaintiff, resulting in a likelihood of confusion in the marketplace and damage to Plaintiff.

35. Defendant's use of the Jackpot Rentals logo mark and variants has likely caused and will continue to likely cause actual confusion in the marketplace and with consumers.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

36. Plaintiff hereby incorporates by reference paragraphs 1-35 as if fully set forth herein.

37. Defendant's conduct, including its use of the Jackpot Rentals logo mark as a source designator for its services, constitutes trademark infringement of Plaintiff's '598 registration in violation of 15 U.S.C. §§1114-1118.

38. To the extent Defendant infringed and/or continues infringement of Plaintiff's CANS-TO-GO logo mark having knowledge of Plaintiff's mark and business, such actions constitute intentional and willful infringement and an intentional attempt to trade on the goodwill associated with the services offered by Plaintiff.

39. As a direct and proximate result of Defendant's actions, Plaintiff has been suffering and continues to suffer damage, including irreparable harm to its business and reputation.

## COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

40. Plaintiff hereby incorporates by reference paragraphs 1-35 as if fully set forth herein.

11

41. Defendant's conduct, including its use of the Jackpot Rentals logo mark as a source designator for Defendant's services, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a).

42. To the extent that Defendant falsely designated its business and competed unfairly with Plaintiff after having knowledge of Plaintiff's mark and business, such actions constitute intentional and willful false designation of origin and unfair competition and an intentional attempt to trade on the goodwill associated with the services offered by Plaintiff.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damage, including irreparable harm to its business and reputation.

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

44. Plaintiff hereby incorporates paragraphs 1-35 as if fully set forth herein.

45. Defendant's conduct, including its use of the Jackpot Rentals logo mark as a source designator for Defendant's services, constitutes trademark infringement of Plaintiff's trademark rights in its CANS-TO-GO logo mark under the common law of Wisconsin.

46. To the extent Defendant infringed and/or continues infringement of Plaintiff's CANS-TO-GO logo mark having knowledge of Plaintiff's mark and business, such actions constitute intentional and willful infringement and an intentional attempt to trade on the goodwill associated with the services offered by Plaintiff.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damage, including irreparable harm to its business and reputation.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court adjudge that Defendant has infringed Plaintiff's trademark rights in its U.S. Trademark Registration No. 4,287,598 in violation of 15 U.S.C. §§1114-1118.

B. That the Court adjudge that Defendant has unfairly competed with Plaintiff under 15 U.S.C. §1125(a) by their use of the Jackpot Rentals logo mark, which is confusingly similar to Plaintiff's CANS-TO-GO logo mark.

C. That the Court adjudge that Defendant has infringed Plaintiff's trademark rights under Wisconsin common law.

D. That Defendant be ordered to destroy all promotion materials, advertising, and other items, whether in physical or electronic form, containing any name or mark that is identical or confusingly similar to Plaintiff's CANS-TO-GO logo mark.

E. That Defendant and all those in active concert or participation with them be enjoined from:

(1) Using, for any goods and services, any name, mark, trade dress, indication of source or other identifier that is identical or similar in whole or in part to Jackpot Rentals logo mark and/or to Plaintiff's CANS-TO-GO logo mark, including any variations, derivatives, or imitations thereof.

(2) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or their business, goods, or services, emanate from or are connected with, sponsored by, or approved by Plaintiff.

(3) Aiding or abetting any other person in committing any of the acts prohibited by (1) and (2) above.

F. That Defendant be ordered to account for and pay to Plaintiff the damage sustained by Plaintiff due to Defendant's infringement of Plaintiff's trademark rights.

G. That Plaintiff be awarded all profits derived by Defendant by reason of their infringement of Plaintiff's trademark rights and unfair competition, and all other sums by which Defendant has been unjustly enriched.

H. That Plaintiff be awarded all damages incurred by reason of Defendant's trademark infringement of Plaintiff's rights and Defendant's unfair competition.

I. That Defendant be required, in accordance with Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which each Defendant has complied with the terms of any injunction entered by this Court.

J. That this case be deemed exceptional under 15 U.S.C. § 1117(a), and that Plaintiff be awarded increased damages.

K. That an assessment of costs and attorneys' fees for this action be made against Defendant.

L. That Plaintiff be awarded pre-judgment and post-judgment interest on any damage award.

M. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, CANS-TO-GO, LLC, demands a jury trial.

Date: November 26, 2025                                  Respectfully submitted,

                                                         *s/Christopher R. Liro*
                                                         Christopher R. Liro (Wis. Bar No. 1089843)
                                                         chris.liro@andruslaw.com
                                                         Kevin J. Spexarth (Wis. Bar No. 1088980)
                                                         kspexarth@andruslaw.com
                                                         litigation@andruslaw.com
                                                         Andrus Intellectual Property Law, LLP
                                                         790 North Water Street, Suite 2200
                                                         Milwaukee, WI 53202
                                                         Phone:   (414) 271-7590
                                                         Fax:     (414) 271-5770